IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mary K. Mungo, individually and on behalf of others similarly situated, | ) ) ) | C/A No.: 0:11-464-JFA |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| Minnesota Life Insurance Company and Founders Federal Credit Union, | ) ) ) | |
| Defendants. | ) ) ) | |

On January 24, 2011, Mary Mungo filed this proposed class action in the Lancaster County Court of Common Pleas. The defendants removed the case to this court on February 25, 2011. The plaintiff represents a class of consumers "who were provided by Defendant MLIC [Minnesota Life Insurance Company] with a credit life or credit accident and health insurance product issued or administered by MLIC within South Carolina." (Amended Complaint, ECF No. 7). Mungo purchased credit insurance from Founders Federal Credit Union ("Founders"). Minnesota Life Insurance Company ("MLIC") was the administrator of Founders' payment protection programs.

This case is before the court pursuant to a motion to remand to state court filed by the plaintiff on March 18, 2011. This matter has been fully briefed, and the court heard arguments at a May 24, 2011 hearing, where the court took the matter under advisement. After reviewing the briefs and considering the arguments on this motion, the court denies the plaintiff's motion with permission to re-file.

**I.     Factual and Procedural History**

In 2001, Mungo purchased a credit life and disability insurance policy from CUNA Mutual Insurance Company in connection with a $20,000 loan she received from Founders. According to the plaintiff, the terms of the credit insurance policy entitled Mungo to monthly benefits up to 120 months or $50,000 should she suffer a covered disability. Mungo alleges that in 2007 Founders, unilaterally and without her knowledge, replaced the credit insurance product for which she was paying with a payment protection program.[1] When Mungo became totally disabled in July 2009, she applied for the benefits on her loan. In September 2010, MLIC informed Mungo that her benefits were exhausted after 12 months of benefit payments.[2]

Specifically, Mungo has alleged negligence per se, violations of the South Carolina Consumer Protection Code, conversion, and unjust enrichment against both defendants. Mungo asserted additional claims against Founders, including breach of fiduciary duty and breach of contract. Additionally, she sought a declaratory judgment against Founders that it had "engaged in unclean hands with regard to her loan and other similarly situated, such that it would be barred from all equitable and legal remedies leaving it unable to pursue foreclosure or sue on its notes." (ECF No. 1-3). Finally, in an amended complaint filed on

---

[1] Founders maintains that Mungo was notified by a letter in July 2007 that her CUNA policy would be terminated in August 2007 and that her enrollment in the payment protection plan would be automatic unless she requested otherwise.

[2] At the hearing, the Court was informed that MLIC became the administrator of the payment protection program sometime between 2007 and 2009.

February 24, 2011, she added claims for negligence and gross negligence against Founders. The defendants removed the action to this court on February 25, 2011, citing jurisdiction under both traditional diversity, 28 U.S.C. § 1332(a), and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453(b). Mungo seeks remand of this action to the Court of Common Pleas for Lancaster County claiming that diversity jurisdiction cannot be established under either 28 U.S.C. § 1332(a) or 28 U.S.C. § 1453(b). (ECF No. 9).

**II.     Legal Standard**

The court should strictly construe removal jurisdiction because of the implications of federalism. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941)). "If federal jurisdiction is doubtful, a remand [to state court] is necessary." Id. "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Id. (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35 (1921)). However, once a defendant has established that the general requirements of CAFA have been met, the burden shifts to the plaintiff to establish, by a preponderance of the evidence, an exception to jurisdiction under CAFA applies. Bowen v. Houser, 2011 WL 380455 (D.S.C. February 3, 2011).

**III.    Analysis**

CAFA was enacted in 2005 to expand federal jurisdiction for class actions removed to federal court. It eliminated the requirement that a defendant cannot remove from his

home state in a diversity case and the requirement that all defendants must consent to removal. See 28 U.S.C. § 1453(b). The general requirements that a removing party must meet under CAFA are outlined in 28 U.S.C. § 1332(d)(2) and (d)(5)(B). The aggregate amount in controversy must exceed $5,000,000, minimal diversity must exist, and the number of class members must exceed 100. Mungo has not alleged that the general requirements are not met in this case. Instead, she argues that the local controversy exception to CAFA jurisdiction applies. The burden is on her to establish the exception by a preponderance. 28 U.S.C. § 1332(d)(4)(A) instructs that a district court shall decline jurisdiction:

> (i) over a class action in which –
> > (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> > (II) at least 1 defendant is a defendant –
> > > (aa) from whom significant relief is sought by members of the plaintiff class;
> > > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> > > (cc) who is a citizen of the State in which the action was originally filed; and
> > (III) principal injuries resulting from the alleged conductor any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

### A.    Citizenship of Plaintiff's Proposed Class

First, Mungo must show that greater than two-thirds of the members of the proposed

class are citizens of South Carolina. Citizenship requires residence and an intent to remain. The class is defined as consumers "who were provided by Defendant MLIC with a credit life or credit accident and health insurance product issued or administered by MLIC within South Carolina on or after July 1, 2007, where Defendants violated the mandatory provisions of S.C. Code Ann. §§ 37-4-105(C) and 37-4-201(3)." (Amended Complaint, ECF No. 7). The plaintiff attempts to rely on the high percentage of Founders' members that live in South Carolina, 89%, to make her showing. However, as the defendants correctly point out, the class definition does not mention Founders. It is not until the definition of the first subclass that Founders' members are included, and it is defined as South Carolina consumers "who had a consumer loan with Defendant FFCU [Founders] prior to August 1, 2007, who elected to purchase credit insurance in connection with said consumer loan, and who continued to pay monthly premiums for credit insurance coverage after August 1, 2007." Id. MLIC argues that it is "rudimentary that a subclass cannot encompass more than the initially defined class itself. Thus, Plaintiff herself has limited the 'universe' of potential class members not to Founders' customers at large," but to those persons who purchased credit insurance administered by MLIC. (ECF No. 25).

The court notes that it seems likely that two-thirds of the class, even as the plaintiff chose to define it, will include two-thirds South Carolina citizens. However, the court finds that she has not yet made such a showing, and she cannot rely on the citizenship of Founders' entire customer base to do so.

5

### B.     Citizenship of the Defendants

The citizenship of MLIC is not in dispute. It is a citizen of Minnesota for purposes of diversity.

The citizenship of Founders, however, is a bit more difficult to determine. It is headquartered in Lancaster, South Carolina. It has 25 branches, 24 of which are in South Carolina, and 2 service centers, both of which are in South Carolina. Founders maintains 1 branch outside of South Carolina, and it is located in Mecklenburg County, North Carolina.

As Mungo points out in her brief, Founders recently asserted to this court in a removal notice in an unrelated case that it is a citizen of South Carolina "for purposes of any diversity analysis." (ECF No. 9-4, Moore v. Founders Federal Credit Union, 0:11-cv-358-JFA-JRM). The citizenship of Founders was not relevant in that case, and Founders argues that it had not thoroughly researched the issue before making that representation and that this is an issue of first impression for the court. Mungo argues that Founders should be judicially estopped from claiming to not be a citizen of any state when it has already declared itself a citizen of South Carolina.

Federal credit unions are incorporated under federal law, not under any state's laws. Congress has chosen not to define the citizenship of these institutions. Therefore, they are usually not considered citizens of any particular state for diversity purposes. However, courts have found that when a credit union maintains "localized operations," it can be

6

treated as a citizen of the state in which it operates. Mungo encourages the court to adopt the reasoning in <u>Feuchtwanger v. Lake Hiawatha Credit Union</u> and treat Founders as a citizen of South Carolina because its operations are primarily focused in this state. 272 F.2d 453, 454-456 (3rd Cir. 1959).

The defendants point out that neither the Supreme Court nor the Fourth Circuit has expressly adopted this judicially-created exception. While that may be the case, several district courts in the Fourth Circuit have used the localization test. See <u>Northern Virginia Foot & Ankle Associates, LLC v. Pentagon Federal Credit Union</u>, 2011 WL 280983 (January 26, 2011), <u>Iceland Seafood Corp. v. Nat'l Consumer Co-op Bank</u>, 285 F.Supp.2d 719 (E.D.Va. 2003).

By far the majority of Founders' members, branches, and operations are located in South Carolina. Nearly 90% of its members reside in South Carolina. Over 90% of its retail deposits and 94% of its commercial deposits were owned by members residing in South Carolina. (ECF No. 18). Over 89% of its retail loans and 94% of its commercial loans were made to South Carolina residents. <u>Id.</u>

The defendants argue that although a small percentage of its business is conducted outside of South Carolina, that percentage consists of a large amount of business. The 10% of members that live outside of South Carolina adds up to 20,000 people. Also, it has a number of business partners in North Carolina and it extends eligibility to employees of those business partners. The defendants also point out that Founders' initial charter

authorized it to do business in four states.[3]

After weighing the arguments of both parties, the court finds that Founders is a citizen of South Carolina for purposes of diversity. Although Congress has not defined the citizenship of federal credit unions and Founders is authorized to expand its business to other states, its operations remain highly centralized in South Carolina, such that it should be considered a citizen of this state.

### C.     Significant Defendant

MLIC argues that Founders does not meet the requirement of a "defendant from whom significant relief is sought." (ECF 17). Mungo seeks actual, statutory, and punitive damages from Founders, indicating to the court that it is a significant defendant.

### D.     Additional Requirements

The two remaining requirements for the exception are not at issue and are in favor of the plaintiff. First, the principal injuries took place in the state of the original filing. MLIC attempts to argue that it is a "bald allegation" by Mungo to claim that the injuries took place in South Carolina. (ECF No. 17). However, the class definition limits the class to those consumers who purchased credit insurance issued or administered in South Carolina. It is clear that Mungo limited the class to people whose injuries took place in

---

[3] Founders discusses the localization exception for 8 pages of its brief and argues that it should not apply in this case and that Founders is not a citizen of any state. However, it ends the discussion by stating that it "has heretofore guessed that this court would find that the localization exception applies." (ECF No. 18 at 14).

South Carolina.  Next, the court is informed that no other class action has been filed in the preceding three years that involves the same parties.

**IV.     Conclusion**

At this time, the court finds that it has proper diversity jurisdiction over this action pursuant to 28 U.S.C. § 1453(b).[4]  The plaintiff has not shown that the local controversy exception to CAFA jurisdiction applies because she has not been able to show by a preponderance of the evidence that at least two-thirds of the members of the proposed class are citizens of South Carolina.  The court denies the plaintiff's motion to remand to state court with permission to re-file.

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

June 22, 2011                                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                                         United States District Judge

---

[4] Because the court has determined that Founders is a citizen of South Carolina for diversity purposes, this court does not have traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) over this action and will limit its analysis to CAFA jurisdiction.