IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mary K. Mungo, individually and on behalf of others similarly situated, | ) ) | C/A No.: 0:11-464-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| CUNA Mutual Insurance Society, CUMIS Insurance Society, Inc., and Founders Federal Credit Union, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this putative class action suit, Plaintiff Mary K. Mungo ("Plaintiff") seeks damages on behalf of herself and all others similarly situated for losses suffered as a result of the termination of their original credit insurance policies with CUNA Mutual Insurance Society ("CUNA") and the replacement of that policy with an allegedly inferior debt cancellation product offered by Founders Federal Credit Union ("Founders") and administered by CUMIS Insurance Society, Inc. ("CUMIS"). On March 26, 2012, Defendants CUNA and CUMIS filed a motion to strike class action allegations from the complaint. (ECF No. 90). On March 27, 2012, Defendant Founders filed a motion to strike class action allegations from the complaint. (ECF No. 91). The above motions are currently before the court.

## BACKGROUND

Plaintiff opened a savings account with Founders in 1994 and became a member of the credit union. On May 21, 2001, Plaintiff entered into a consumer loan and security agreement and mortgage with Founders. At the same time, Plaintiff signed a CUNA Mutual Group Credit Insurance and Enrollment Form ("Original Policy") and obtained credit insurance from CUNA

Mutual Insurance Society to protect her mortgage in the event of death or disability.  The Original Policy provided that in the event of Plaintiff's disability, she would receive benefits for ten years to repay her mortgage obligation to Founders. The premium for the Original Policy was added to Plaintiff's monthly loan payment to Founders.

By letter dated July 30, 2007, Founders sent a mass-mailed letter to members including Plaintiff (addressed "Dear Member") informing them that the credit insurance offered by CUNA was being discontinued and would terminate on August 16, 2007.  Further, Founders informed members that they would automatically be enrolled into a "comparable Payment Protection Plan package" ("PPP").  PPP is apparently a debt cancellation product and not an insurance policy. PPP would provide debt cancellation benefits for enrolled members for a period of one year, whereas the Original Policy provided insurance coverage for a ten-year disability benefit period. The letter instructed members to "carefully review the terms of the enclosed member agreement for eligibility requirements, benefits, conditions and exclusions" and permitted members to cancel at any time.  Further, the letter stated that "while your enrollment in our Payment Protection Plan will be automatic, we would appreciate if you would confirm your desire to be enrolled by reviewing, signing and returning the Member Agreement in the enclosed self-addressed, postage-paid envelope."  Id.  The letter is silent as to who the administrator of the New Plan would be and was signed by Founders only.  Plaintiff alleges that no new certificate of insurance was issued to her.  From June 2001 through July 2009, Plaintiff paid more than $4,500 in monthly premiums.

On July 6, 2009, Plaintiff was diagnosed with cancer that rendered her totally disabled, a fact which has not been contested by Defendants.  Plaintiff applied for credit disability benefits expecting to receive ten years of disability benefits towards the payment of her mortgage.  In

about September 2010, Plaintiff was notified for the first time that her benefits would expire after one year and that Plaintiff would need to start making monthly loan payments on her own thereafter. Plaintiff immediately contacted Founders to show that her Certificate of Insurance from CUNA promised a 10-year disability benefit period. However, the manager told Plaintiff that Founders had changed the insurance coverage of its members. From September 2010 through August 2011, Plaintiff received $2,947.68 in benefits.

On January 19, 2011, Plaintiff filed a class action complaint in the Court of Common Pleas for Lancaster County, South Carolina against Minnesota Life Insurance Company (then administrator of the New Plan) and Founders. Minnesota Life Insurance Company removed the case on February 25, 2011. On September 22, 2011, Plaintiff filed her Second Amended Class Action Complaint, wherein Minnesota Life Insurance Company was no longer named a Defendant and for the first time, CUNA and CUMIS were named Defendants. ECF No. 47. Plaintiff's proposed class is defined as follows:

> All South Carolinians who from January 1, 2001, to the present purchased a credit insurance plan from CUNA Mutual Insurance Society though a credit union located in South Carolina (Original Credit Insurance Policy), whose coverage was cancelled and exchanged for a plan offering reduced benefits without affirmative authorization (Replacement Insurance Coverage). Excluded from the proposed Class are the officers, directors and employees of Defendant Founders Federal Credit Union, Defendant CUNA Mutual Insurance Society and Defendant CUMIS Insurance Society, Inc. The Class Period is the maximum length of time not time-barred.

According to the Second Amended Complaint, Plaintiff first alleges a cause of action for bad faith against CUNA and CUMIS. Plaintiff states that CUMIS is an insurance company and subsidiary of CUNA and that CUNA and CUMIS conspired with Founders to unilaterally terminate the Original Policy and "replaced said plan with a plan of lesser value, all done without full and fair notice to the beneficiaries of the plan." Specifically, Plaintiff alleges all

three Defendants conspired to send the 2007 letter to beneficiaries that misled them into believing that the Original Policy was being replaced by a "comparable policy." Further, Plaintiff alleges that the fact that she was automatically enrolled in the New Policy without having signed a new contract demonstrates that adequate notice of the New Policy was not provided to beneficiaries. Plaintiff supports her bad faith cause of action by alleging that CUNA and CUMIS "engaged in an organized scheme to conspire with the credit unions in this manner" and that they knew Plaintiff was paying essentially the same monthly premium for a product that was substantively different than as originally promised. ECF No. 47, p. 12.

Second, Plaintiff alleges a cause of action for gross negligence against all Defendants. Plaintiff references "a set of statutes and laws regulating the sale of credit insurance" in the State of South Carolina "designed for the purpose of protecting South Carolina policyholders from unknowingly paying for credit insurance products which did not provide benefits for the full duration of the underlying credit transaction." Plaintiff alleges that she and the class members are the intended category of people to be protected by these disclosure laws and that Defendants CUNA and CUMIS were grossly negligent with regard to the "bait and switch" scheme, proximately resulting in harm to Plaintiff and class members. Third, Plaintiff alleges a cause of action for breach of fiduciary duty against Founders. Fourth, Plaintiff alleges a cause of action for conversion/unjust enrichment against Founders.

On November 8, 2011, Defendants CUNA and CUMIS filed a motion to dismiss for failure to state a claim upon which relief can be granted. On December 19, 2011, after holding a hearing on the motion, the court denied Defendants' motion to dismiss. On March 26, 2012, Defendants CUNA and CUMIS filed a motion to strike class action allegations from the complaint. On March 27, 2012, Defendant Founders filed a motion to strike class action

allegations from the complaint. Defendants argue that this action is subject to a three-year statute of limitations pursuant to S.C. Code Ann. § 15-3-530 and that individualized inquiry into the application of the discovery rule as to each class member renders the action unfit to be certified as a class action pursuant to <u>Thorn v. Jefferson-Pilot Life Ins. Co.</u>, 445 F.3d 311 (4th Cir. 2006). Further, Defendants argue that because Plaintiff alleges she did not receive any letter notifying her of a policy change, she is an inadequate class representative because most other class members did receive the letter.

Plaintiff argues that the appropriate statute of limitations period is six years for all causes of action besides the unjust enrichment claim, which Plaintiff contends is subject to a ten-year statute of limitations. Plaintiff supports her position by pointing to the language in Plaintiff's Certificate of Insurance which states under the heading "HOW TO FILE A TOTAL DISABILITY CLAIM," "You can't start any legal action until 60 days after you send us proof of your total disability; nor more than six (6) years after you send the proof." Further, Plaintiff argues that Defendants' motion to strike should be denied as untimely under Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff also contends that Defendants' motion to strike falls outside the scope of Rule 12(f) because the class action allegations are not a defense, nor are they redundant, immaterial, impertinent, or scandalous as provided for in Rule 12(f). Further, Plaintiff argues that Defendants' motion to strike is improper since Plaintiff has not yet moved for class certification. Plaintiff argues that it is rarely possible to resolve class representation questions from the pleadings.

Defendants first contend that they appropriately brought their motion to strike under Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure. Defendants also set forth a number of arguments as to why the six-year language in the policy provision is not the appropriate statute

of limitations to be applied in this case. Founders states that the contractual language cited by Plaintiff stems from S.C. Code Ann. § 38-71-735(m) which requires any group accident, group health, or group accident and health policy to contain the referenced provision. Founders also argues that this six-year provision only applies to total disability claims against CUNA, as the issuer of the Certificate of Insurance and not against Founders. Founders contends that no South Carolina case has construed this statutory provision as a six year statute of limitations for causes of action advanced by Plaintiff.

Defendants also argue that since the heading before this provision is "HOW TO FILE A TOTAL DISABILITY CLAIM," the contract language only applies to breach of contract claims based on alleged improper adjustment of disability claims and not to claims relating to improper termination of the credit insurance policy. Further, Defendants contend that the six-year time period is akin to a period of repose, not a statute of limitations, and sets an absolute maximum period of time for filing claims without altering the three-year statute of limitations period set forth in § 15-3-530. Lastly, Defendants argue that Plaintiff's unjust enrichment claim is not subject to the ten year statute of limitations codified in S.C. Code Ann. § 15-3-600 because the unjust enrichment claim is part of Plaintiff's conversion claim, which is bound by the three-year statute of limitation. Further, Defendants argue that Plaintiff's unjust enrichment claim is simply a derivative of a breach of contract cause of action, which is governed by a three-year statute of limitations.

## DISCUSSION

### *Procedural Basis for Motion to Strike Class Allegations*

Fed. R. Civ. P. 12(f) governing motions to strike states, "the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." The court may act on its own or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Rule 23(d)(1)(D) governs class action suits. Rule 23(d)(1)(D) states that in conducting an action under this rule, the court may issue orders that require the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly. In <u>Bryant v. Food Lion, Inc.</u>, 774 F. Supp. 1484, 1495 (D.S.C. 1991), the court considered the defendants' motion to dismiss class allegations and acknowledged that the analysis of such a motion is not identical to the analysis undertaken by the court when ruling on a motion for class certification. In the latter case, the proponent of class certification has the burden of establishing that the requirements of Rule 23 are met. In a motion to dismiss class allegations, the defendants have the burden of demonstrating from the face of the plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove, analogous to the standard of review for motions brought pursuant to Rule 12(b)(6). <u>Id.</u>

The court finds that Defendants appropriately brought this motion pursuant to Rule 23(d)(1)(D) and not Rule 12(f). Rule 23(d)(1)(D) permits the court to require that the pleadings to be amended to remove class action allegations. Further, a motion to dismiss class allegations is permissible under <u>Bryant</u> albeit with the court applying a Rule 12(b)(6) standard of review, which imposes a heavy burden on Defendants.

***Appropriate Statute of Limitations Period***

Pursuant to S.C. Code Ann. § 15-3-530, a three-year statute of limitations applies to a number of actions, including but not limited to, various tort claims, breach of contract claims and actions on any policy of fire or life insurance. However, under S.C. Code Ann. § 38-71-340(11),

"Required provisions for individual accident and health policies" and S.C. Code Ann. § 38-71-735(m), "Requirements for group accident, group health and group accident and health policies," each accident, health, or accident and health policy issued to an individual in South Carolina must contain a provision stating that no action at law or in equity may be brought to recover on the policy before the expiration of sixty days after written proof of loss has been filed in accordance with the requirements of the policy and that no such action may be brought at all unless brought within six years after the time written proof of loss is required to be furnished. The Supreme Court of South Carolina has construed these provisions to impose a six-year statute of limitations in all actions arising under health and accident policies.  See Johnston v. Commercial Travelers Mut. Accident Ass'n of Am., 131 S.E.2d 91, 94 (S.C. 1963) (citing to the prior version of statute and noting that "Section 37-474(11) provide[s] for a six year statute of limitations in all actions arising under health and accident policies"). The Supreme Court of South Carolina also noted that any policy provision inconsistent with the state insurance statutes is void and the pertinent provisions of the statute prevail as much as if expressly incorporated in the policy.  Id. at 95.

In 1989, the Office of the Attorney General for the State of South Carolina issued an advisory opinion about how to reconcile the potentially conflicting statute of limitations set forth in § 15-3-530 and § 38-71-340(11).  See 1989 WL 406181 (S.C.A.G.), S.C. Op. Atty. Gen. No. 89-91.  The Office first noted that despite the fact that § 38-71-340(11) addresses a mandatory provision that must be included in all accident and health insurance policies, it was construed by the South Carolina Supreme Court in Johnston as providing a six-year statute of limitations on all actions upon accident and health insurance policies.  With regard to the question of whether § 15-3-530 repealed § 38-71-340(11), the Office noted that § 15-3-530 did not expressly repeal §

38-71-340(11) and that there exists a strong presumption against the repeal of a prior statute by implication. The Office noted that if two statutes can be construed so that each will operate within the limits of its own terms, the Supreme Court of South Carolina will construe them in that manner. The Office concluded:

> [T]here exists a strong presumption recognized by the courts that § 38-71-340(11) continues in full force and effect with regard to actions upon accident and health insurance policies. Moreover, there is nothing within the language of the recent amendments that suggest a legislative intent to repeal Section 38-71-340(11) or expand the scope of Section 15-3-530 to include actions upon accident and health insurance policies. For these reasons, I believe a court would conclude that the six-year statute of limitations provided by Section 38-71-340(11) (as last amended by Act 394 of 1988) continues in force and effect for actions upon accident and health insurance policies.

Recently, two courts within the District of South Carolina construed § 38-71-340(11) and noted that the provision provides for a six-year statute of limitations. See Doe v. Northwestern Mut. Life Ins. Co., No. 2:10-cv-2961, 2012 WL 2405510, at *5 n.4 (D.S.C. June 26, 2012) (noting that in light of § 38-71-340(11), the defendant, who provided the plaintiff with a disability insurance policy, would have an uphill battle to demonstrate that a six year period is inappropriate for the plaintiff's breach of contract and bad faith claims); see also Comer v. Life Ins. Co. of Ala., No. 0:08-228-JFA, 2010 WL 233857, at *7 (D.S.C. Jan. 14, 2010) (finding that the plaintiff's breach of contract claim against his supplemental insurance policy provider was governed by a six year statute of limitations pursuant to § 38-71-340(11)).

Defendant correctly points out that no South Carolina court has specifically construed § 38-71-735(m), which governs *group* accident and health insurance. Plaintiff's insurance policy is subject to this provision as it is a group policy. However, as cited above, state and federal courts in South Carolina have construed § 38-71-340(11), which governs *individual* accident and health insurance. The case law and advisory opinion interpreting § 38-71-340(11) is directly

applicable to the analysis of § 38-71-735(m), as the language in the two provisions is nearly identical. The court agrees with the above-cited authority and finds that all of Plaintiff's causes of action are subject to a six-year statute of limitations, because they arise out of Plaintiff's accident and health insurance policy.[1]

Provided that the letter and notice regarding the policy change were sent out by Founders on July 30, 2007 and received by members at around the same time, the statute of limitations period would extend until approximately July 30, 2013, notwithstanding any application of the discovery rule that might extend this deadline. Since the complaint in this action was filed on January 19, 2011, the action was filed within the limitations period and no individualized inquiry as to the limitations period for each class member is required. Furthermore, the court need not address whether a ten-year statute of limitations applies specifically to Plaintiff's unjust enrichment claim, given that the alternative six-year statute of limitations had not lapsed at the time the complaint was filed. As no motion for class certification has been made yet, the court will not consider Defendants' arguments relating to the typicality or adequacy of Plaintiff's representation of the proposed class, as these arguments are premature. Accordingly, the court DENIES Defendants' respective motions to strike class action allegations (ECF Nos. 90, 91).

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Chief United States District Judge

August 24, 2012
Columbia, South Carolina

---

[1] Pursuant to § 38-1-20, "'accident and health insurance' means insurance . . . against death or personal injury by accident, and each insurance of human beings against sickness, ailment, and any type of physical disability resulting from accident or disease . . ." Although Plaintiff technically was issued a credit disability insurance policy and not a general disability insurance policy, the distinction is immaterial as Chapter 71 of the South Carolina Code, governing Accident and Health Insurance discusses credit accident and health insurance as well. Further, Defendant Founders conceded that the language cited by Plaintiff regarding the six-year time period was contained in the credit disability policy pursuant to the statutory requirement outlined in § 38-71-735(m).